O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY PLASENCIA, Guardian Ad Litem for J.A., son of decedent, and as a successor in interest to the deceased,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF SAN BERNARDINO; DEPUTY ED FAKHOURY, an individual; DEPUTY BRANDON BECKER, an individual and DOES 3-10, inclusive,<br>Defendants. | Case No.: 5:20-cv-02468-MEMF-K<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR SETTLEMENT APPROVAL OF MINOR'S COMPROMISE [DKT. NO. 215]** |

Before the Court is a Petition for Approval of Minor's Compromise filed by Plaintiff J.A. Dkt. No. 215 ("Petition"). The Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing set for June 4, 2026. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court hereby GRANTS the Petition.

/ / /

/ / /

/ / /

/ / /

1

## I.    Background

### A.  Factual Background[1]

On January 10, 2020, at approximately 10:00 p.m., Juan Antonio Ayon Ruiz who had just picked up his young son, J.A., from his grandmother's house after leaving work was heading toward his home driving a Buick SUV vehicle. 2AC ¶ 22. Despite being his normal practice to use a car seat for J.A. that was at J.A.'s grandmother's house, that day there was no car seat, so Ruiz placed his son in the backseat and secured him with the vehicle's seat belts. *Id.* At some point after leaving J.A.'s grandmother's house, Deputies Fakhoury and Becker attempted to pull Ruiz over for an unknown reason. *Id.* ¶ 23. Ruiz continued to drive toward his home and shortly after, attempted to pull over the vehicle and crashed into a mailbox on the side of the road close to his home. *Id.* ¶ 24.

Despite the fact that Fakhoury and Becker had no knowledge that Ruiz was armed or had any weapon, they immediately surrounded Ruiz's vehicle and began shooting indiscriminately at Ruiz and the vehicle without warning or commands. *Id.* ¶ 25. The shooting occurred while J.A. was in the vehicle in the backseat. *Id.* Ruiz attempted to exit the vehicle "with his hands up" and was shot as he was exiting the vehicle. *Id.* ¶ 26. Fakhoury and Becker shot Ruiz multiple times killing him. *Id.* ¶ 27.

## II.    Procedural History

Plaintiffs filed suit in the Central District Court of California on November 24, 2020. Dkt. No. 1. On August 3, 2021, Plaintiffs filed a Second Amended Complaint. *See* 2AC. The 2AC asserted violation of Unreasonable Search and Seizure-Excessive Force, Deprivation of Life Without Due Process, Interference with Parent-Child Relationship, Wrongful Death, Assault and Battery, Negligence, and Violation of Bane Civil Rights Act. *Id.*

On February 6, 2026, the parties filed a Notice of Settlement. Dkt. No. 211. On April 17, 2026, Plaintiff J.A. filed the instant Petition. Petition.

## III.    Applicable Law

Under Federal Rule of Civil Procedure 17(c) ("Rule 17(c)"), district courts have a duty "to safeguard the interests of litigants who are disabled." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181

---

[1] Unless otherwise indicated, the following factual background is derived from the Second Amended Complaint. Dkt. No. 45 ("2AC").

(9th Cir. 2011). Rule 17(c) provides, in relevant part, that "[t]he court must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (internal quotation marks omitted); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). The Court's inquiry must be focused on whether "the net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 181-82. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed." *Id*. at 1179.

Central District of California Local Rule 17-1 *et seq.* dictates that claims involving a minor can only be settled by leave of court. L.R. 17-1. It also provides that a district court is bound to the standards of California Code of Civil Procedure Section 372 and California Rule of Court 3.1384 when evaluating a proposed settlement. L.R. 17-1.3. The Court must also abide by California Probation Code Section 3600 *et seq.* as to the proposed allocation and disbursement of settlement proceeds. L.R. 17-1.6.1. California Probation Code Section 3601 requires court approval of the payment of attorneys' fees and costs. *See* Cal. Prob. Code § 3601. Under California law, a reviewing court is to evaluate the reasonableness of the settlement amount and terms to determine whether the compromise is in the best interests of the minor. *See Pearson v. Superior Court*, 136 Cal. Rptr. 3d 455, 457-58 (Cal. Ct. App. 2012); *Espericueta v. Shewry*, 79 Cal. Rptr. 3d 517, 526 (Cal. Ct. App. 2008).

IV.     **Discussion**

      **A. The Settlement Agreement Is in the Best Interest of the Minor.**

The settlement agreement requires Defendants to pay a gross amount of $4,500,000 to J.A. J.A. Petition at 5. There were no medical expenses that were subtracted from this amount. Dkt. No. 215-1 at 35-46. There were attorneys' fees totaling $1,800,000 and expenses totaling $111,000 that were subtracted from the settlement amount. *Id.* at 39-40. Local Rule 17-1.4 requires that "[i]n all actions involving the claim of a minor . . ., whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorneys' fees." C.D. Cal. L.R. 17-1.4. California Rules of Court 7.955 provides that "cases under Code of Civil Procedure section 372 . . ., the court must use a reasonable fee standard when approving and allowing the amount of attorneys' fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability." Cal. R. Ct. 7.955. Here, given the experience of counsel in similar actions, the issues presented in this action, the review of evidence in this action, and the time expended, the Court determines that the attorneys' fees amount is reasonable. Petition at 14-22. Thus, the total balance of proceeds of the settlement or judgment available to J.A. after payment of all fees and expenses is $2,589,000. *Id.*

The Court, viewing the amount "in light of the facts of the case, [J.A.'s] specific claim, and recovery in similar cases," finds the settlement reasonable. *See Robidoux*, 638 F.3d at 1181-82.

Additionally, the settlement states that the $2,589,000 shall be invested in a single-premium deferred annuity, which will yield a total payout of $8,205,565.05 and will be subject to withdrawal only on authorization of the court. Dkt. No. 215-1 at 42; Petition at 6. The Court finds the parties' agreement regarding the distribution of settlement proceeds to J.A. is fair, reasonable, and in J.A.'s interests. *See id.* The Court will order that payment proceed in this manner.

This settlement was agreed to via arms' length negotiations completed by experienced counsel. *See generally id.* The Court sees no evidence of any untoward behavior by any party in negotiating this settlement and is not well positioned to question counsel's determination that this is a fair settlement given the claims at issue and evidence that might support them.

The net settlement to J.A. appears fair, reasonable, and in J.A.'s best interests. Accordingly, the Court finds that the settlement adequately compensates J.A. for harm suffered and serves J.A.'s interest.

///

## V.    Conclusion

For the foregoing reasons, the Court hereby GRANTS the Petition and ORDERS as follows:

1. The settlement of the claims of Minor Plaintiff J.A. against Defendants County of San Bernardino, Deputy Ed Fakhoury, and Deputy Brandon Becker, in the total amount of $4,500,000, is hereby approved as fair, reasonable, and in the best interest of Minor Plaintiff J.A.

2. The Court approves payment of attorneys' fees in the amount of $1,800,000, representing forty percent (40%) of the gross settlement, to Navab Law, APC and V. James DeSimone Law, as reasonable compensation for the services rendered on behalf of Minor Plaintiff J.A.

3. The Court approves reimbursement of advanced litigation costs in the amount of $111,000 to Plaintiff's counsel.

4. The net settlement proceeds of $2,589,000 shall be used to fund a structured settlement annuity for the benefit of Minor Plaintiff J.A., as set forth in Exhibit B to the Declaration of Kaveh Navab (Dkt. No. 215-1), with a total payout to J.A. of $8,205,565.05 upon final payment.

5. The Guardian ad Litem, Cindy Plasencia, is authorized to execute all documents necessary to effectuate the settlement and establish the structured settlement annuity on behalf of Minor Plaintiff J.A.

6. Upon full execution of the settlement agreement and funding of the structured settlement annuity, all claims by Plaintiff against Defendants in this action shall be dismissed with prejudice.

IT IS SO ORDERED.

Dated: June 1, 2026

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge